UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
JIMMY SERRANO,                                                :   Civil Action No.
                                                              :
        Plaintiff,                                         :
- against -                                                   :
                                                              :   **COMPLAINT**
C.R. LANDSCAPING AND TREE SERVICE                             :
CORP. and CANDELARIO RIVERA                                   :
                                                              :   **Jury Trial Demanded**
        Defendants                                         :
------------------------------------------------------------- x

Plaintiff JIMMY SERRANO, by and through his attorney, Mohammed Gangat, Esq., files this Complaint against defendant C.R. LANDSCAPING AND TREE SERVICE CORP. and CANDELARIO RIVERA (collectively, the "Defendants"), and allege upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), the is entitled to recover from Defendants: (1) unpaid minimum wage and overtime compensation, (2) liquidated damages on those amounts, (3) damages for unlawful retaliation (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law "NYLL", he is entitled to recover from Defendants: (1) unpaid minimum wage and overtime compensation; (2) unpaid "spread of hours: premium for each day they worked in excess of ten (10) hours; (3) damages for failure to give required notices and wage statements; (4) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft

Prevention Act; (5) damages for unlawful retaliation; (6) prejudgment and post-judgment interest; and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because at the majority of the defendants reside in the district and the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. At all relevant times, Plaintiff was an adult, individual, residing in the State of New York.

6. C.R. LANDSCAPING AND TREE SERVICE CORP. (the "Corporate Defendant") is a domestic corporation organized under the laws of the State of New York, with a New York Department of State address for process listed as 28 Catlin Avenue, Roosevelt, New York 11575.

7. CANDELARIO RIVERA (the "Individual Defendant") is an adult individual residing in Nassau County, State of New York.

8. Upon information and belief the Individual Defendant is the owner, shareholder, director, supervisor, managing agent, and/or proprietor, of the Corporate Defendant.

9. Upon information and belief, the Individual Defendant actively participates in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated

thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

10. Defendants' business offers a full range of landscaping and tree Services for condominiums as well as residential and commercial properties, and specializing in Tree Removals, Stump Grinding, Pruning, Topping and Land Clearing.

11. Upon information and belief, the Individual Defendant has had control over and the power to change compensation practices for all employee of the Corporate Defendant.

12. Upon information and belief, the Individual Defendant has had the power to determine employee policies for employees of the Defendants, including, but not limited to, time-keeping, payroll policies, and policies governing the allocation of tips and/or gratuities.

13. Upon information and belief, at all times relevant to the allegations in this Complaint, the Corporate Defendant is and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) had an annual gross volume of sales of not less than $500,000.

14. Defendants continuously employed Plaintiff to work as non-exempt employee.

15. The work performed by Plaintiff was essential to the business operated by Defendants.

16. Defendants knowingly and willfully failed to pay the Plaintiff his lawfully earned wages for each hour of employment in direct contravention of the FLSA and New York Labor Law's minimum wage requirements.

17. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

18.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

## STATEMENT OF FACTS

19.     Plaintiff at all relevant times was a covered employee within the meaning of the FLSA and NYLL.

20.     Plaintiff began working for Defendant in or about March 2017 and the employment was continuous until in or about January 2020 when it ended.

21.     During the employment, Plaintiff Serrano worked between 6-7 days per week. The typical workday started at 6 am ended at about 9pm.  He would arrive at Defendants' facilities to prepare the tools and the truck to use for the day, after which, he with a team of other employees would go on a route performing outdoor maintenance and tree removal services.

22.     Plaintiff Serrano was paid a flat rate $450 per week in cash regardless of hours worked. He worked an average of 90 hours a week. This flat rate payment failed to properly compensate him for all hours worked in accordance with state and federal wage laws.

23.     Plaintiff Serrano was never compensated with an overtime premium rate for working more than 40 hours per week, nor was there an explicit understanding that his weekly flat rate would include overtime pay.

24.     Plaintiff Serrano was abruptly terminated when he complained to the Defendants about his wages.

25.     Defendants retaliated against the Plaintiff for asserting his legal rights, which violated federal and State law.

26.     Defendants failed to compensate the Plaintiff in accordance with state and

federal law.

27. Defendants knowingly and willfully operate their business with a policy of not paying for every hour worked in an amount sufficient to compensate Plaintiff for all amounts due under the federal or New York State minimum wage, the FLSA overtime laws (of time and one-half), the New York State overtime laws (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

28. Defendants knowingly and willfully operate their business with a policy of not paying the Plaintiff "spread of hours" premium for each day that they work a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

29. Defendants did not furnish the Plaintiff with an accurate statement with every payment of wages, listing gross wages, deductions and net wages as required by New York Labor Law § 195.

30. Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner, the notices of employee rights to receive the minimum wage and overtime pay at a rate of one and one-half times their regular rate as required under the New York Labor Law.

31. Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner a copy of New York Labor Law § 193 regarding the prohibition on illegal deductions from wages.

32. Defendants failed to provide written notice concerning the terms of a commission program under which employees were eligible to receive commissions.

33. There is no written contract or other written document, signed or otherwise,

reflecting the terms of the commissions program offered and administered by Defendants.

34. Defendants failed to timely pay commissions earned within the time required by the New York Labor Law.

## STATEMENT OF CLAIM

### COUNT I: FLSA – Minimum Wage, and Overtime
*Brought on behalf of the Plaintiff*

35. The Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

36. The Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

37. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, the Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

38. At all relevant times, Defendants employed the Plaintiff within the meaning of the FLSA.

39. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

40. The Plaintiff was entitled to be paid at the applicable federal minimum wage for all straight time hours worked.

41. The Plaintiff was entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

42. Defendants failed to pay the Plaintiff minimum wage or overtime compensation

in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

43.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay minimum wage.

44.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to the Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

45.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate the Plaintiff at the minimum wage and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wage and overtime compensation would financially injure the Plaintiff.

46.     Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

47.     Defendants failed to properly disclose or apprise the Plaintiff of their rights under the FLSA.

48.     As a direct and proximate result of Defendants' violation of the FLSA, the Plaintiff is entitled to liquidated damages pursuant to the FLSA.

49.     Due to the reckless, willful and unlawful acts of Defendants, the Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime compensation,

an equal amount as liquidated damages, and prejudgment interest thereon.

50. The Plaintiff is entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

### COUNT II: NYLL – Minimum Wage, Overtime, Spread-of-Hours Pay
*Brought on behalf of the Plaintiff*

51. The Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

52. Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

53. Defendants knowingly and willfully violated the rights of the Plaintiff by failing to pay the Plaintiff the applicable minimum wage for all straight time hours worked and required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

54. Employers are required to pay a "spread of hours" premium of one (1) additional hour pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

55. Defendants knowingly and willfully violated the rights of the Plaintiff by failing to pay "spread of hours" premium to the Plaintiff for each day they worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

56. Defendants failed to properly disclose or apprise the Plaintiff of their rights under the New York Labor Law.

57. Defendants failed to furnish the Plaintiff with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

58. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

59. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

60. At the time of their hiring, Defendants failed to notify the Plaintiff of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

61. Due to the Defendants' New York Labor Law violations, the Plaintiff is entitled to recover from Defendants the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for minimum wage for all straight time hours, overtime compensation for all overtime hours, "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

62. Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

**COUNT III: NYLL - Annual Wage Notice and Periodic Wage Statements**
*Brought on behalf of the Plaintiff*

63. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

64. Defendants have willfully failed to supply the Plaintiff with wage notices, as

required by NYLL, Article 6, § 195(1), in English or in the language identified by the Plaintiff as their primary language, containing the Plaintiff's' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

65. Through their knowing or intentional failure to provide the Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

66. Defendants have willfully failed to supply the Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

67. Through their knowing or intentional failure to provide the Plaintiff with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

68. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), the Plaintiff is entitled to statutory penalties of fifty dollars each day that Defendants failed to provide the Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees,

costs, and injunctive and

declaratory relief, as provided for by NYLL, Article 6, § 198(1-b ).

69. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), the Plaintiff is entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide the Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

### COUNT IV: FLSA - Retaliation

70. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

71. Defendants violated 29 U.S.C. § 215(a)(3) when they terminated Plaintiff's employment in retaliation for inquiring about his wages to the Defendants.

72. Defendants are therefore liable to Plaintiff for damages under 29 U.S.C. § 216(b).

73. Defendants are also liable for this conduct under New York State's retaliation law, specifically NYLL § 215 (1)(a) and NYLL § 215(2)(a).

### PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, Jimmy Serrano, respectfully requests that this Court grant the following relief:

i. An award for unpaid minimum wage and unpaid overtime compensation due under the FLSA and New York Labor Law;
ii. An award of unpaid "spread of hours" premium due under the New York Labor Law;
iii. An award of unpaid commissions due under the New York Labor Law;
iv. An award of liquidated damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;
v. An award of liquidated damages as a result of Defendants' failure to pay minimum wage

|     |     |
| --- | --- |
|     | compensation, overtime compensation and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; |
| vi. | An award of civil penalties pursuant to the New York State Wage Theft Prevention Act; |
| vii. | Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure; |
| viii. | An award of damages for unlawful retaliation committed by the Defendants under New York Labor Law and FLSA |
| ix. | An injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL |
| x. | An award of prejudgment and post-judgment interest; |
| xi. | An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. 216(b) and the NYLL; and |
| xii. | Such other and further relief as this Court determines to be just and proper. |

## JURY DEMAND

Pursuant to FRCP 38 the Plaintiff demands trial by jury on all issues.

Dated: New York, New York
September 17, 2020

**LAW OFFICE OF MOHAMMED GANGAT**

By: _____

Mohammed Gangat, Esq.
675 3rd Avenue
Suite 1810
(718) 669-0714
mgangat@gangatllc.com

*Attorneys for the Plaintiff*