**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------- x
JIMMY SERRANO; *on behalf of himself and other similarly situated*,

                      Plaintiff,

- against -

C.R. LANDSCAPING AND TREE SERVICE CORP. and CANDELARIO RIVERA

                      Defendants.
------------------------------------------------- x

No. 20-cv-04372-GRB-ST

**FLSA COLLECTIVE ACTION and RULE 23 CLASS ACTION AMENDED COMPLAINT**

**Jury Trial Demanded**

Plaintiff JIMMY SERRANO ("Plaintiff"), on behalf of himself and other similarly situated employees, as a class representative, by and through his attorney, Mohammed Gangat, Esq., files this Amended Complaint against defendant C.R. LANDSCAPING AND TREE SERVICE CORP. and CANDELARIO RIVERA (collectively, the "Defendants"), and alleges upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**NATURE OF THE ACTION**

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), he and a proposed class of others similarly situated are entitled to recover from the Defendants: (1) unpaid minimum wage and overtime compensation, (2) liquidated damages on those amounts, (3) damages for unlawful retaliation (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law "NYLL", he and a proposed class of others similarly situated employees are entitled to recover from Defendants: (1) unpaid minimum wage and overtime compensation; (2) unpaid "spread of hours: premium for each day they worked in excess of ten (10) hours; (3) damages for failure to give required notices and wage statements; (4) liquidated damages and civil penalties pursuant to the New York Labor

Law and the New York State Wage Theft Prevention Act; (5) damages for unlawful retaliation; (6) prejudgment and post-judgment interest; and (7) attorneys' fees and costs.

3. In addition to seeking recovery for the Plaintiff, this lawsuit also seeks to recover minimum wage, overtime compensation, spread-of-hours pay, and statutory penalties for similarly situated employees.

4. Additionally, Plaintiff Jimmy Serrano brings a claim for retaliatory termination in violation of NYLL § 215(a)(3), said retaliation arising from the circumstances of Defendants terminating Plaintiff Serrano after he complained to Defendants about his wages were below the minimum wage and he never received any overtime premium as required by FLSA and NYLL.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because at the majority of the defendants reside in the district and the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

7. At all relevant times, Plaintiff was an adult, individual, residing in the State of New York.

8. C.R. LANDSCAPING AND TREE SERVICE CORP. (the "Corporate Defendant") is a domestic corporation organized under the laws of the State of New York, with a New York Department of State address for process listed as 28 Catlin Avenue, Roosevelt, New York 11575.

9. CANDELARIO RIVERA (the "Individual Defendant") is an adult individual residing in Nassau County, State of New York.

10. Upon information and belief, the Individual Defendant is the owner, shareholder, director, supervisor, managing agent, and/or proprietor, of the Corporate Defendant.

11. Upon information and belief, the Individual Defendant actively participates in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

12. Defendants' business offers a full range of landscaping and tree Services for condominiums as well as residential and commercial properties, and specializing in tree removals, stump grinding, pruning, topping and land clearing.

13. Upon information and belief, the Individual Defendant has had control over and the power to change compensation practices for all employee of the Corporate Defendant.

14. Upon information and belief, the Individual Defendant has had the power to determine employee policies for employees of the Defendants, including, but not limited to, time-keeping, payroll policies, and policies governing the allocation of tips and/or gratuities.

15. Upon information and belief, at all times relevant to the allegations in this Complaint, the Corporate Defendant is and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) had an annual gross volume of sales of not less than $500,000.

16. Defendants continuously employed Plaintiff and other similarly situated

employees to work as non-exempt employee.

17. Throughout the employment, Plaintiff and other similarly situated employees were ordered to report at Defendants' company facilities located in Roosevelt, NY.

18. The work performed by Plaintiff was essential to the business operated by Defendants.

19. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned wages for each hour of employment in direct contravention of the FLSA and New York Labor Law's minimum wage requirements.

20. Defendants knowingly and willfully failed to pay Plaintiffs his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

21. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

22. Defendants knowingly and willfully failed to provide require wage notices and wage statements under the New York Wage Theft Prevention Act.

## STATEMENT OF FACTS

23. At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA and NYLL.

24. Plaintiff Serrano began working for Defendant as a laborer in or about March 2017 and the employment ended in or about January 2020.

25. During the employment, Plaintiff Serrano worked between 6-7 days per week. The typical workday started at 6 am, and ended at about 9pm. Plaintiff Serrano and other similarly situated employees would arrive at Defendants' facilities around 6 am each workday to prepare the tools and the truck to use for the day, after which, he with a team of other employees would go on a route performing outdoor maintenance and tree removal services.

26. Plaintiff Serrano was paid a flat rate $80 per day in cash regardless of hours worked. He worked an average of 90 hours a week. This flat rate payment failed to properly compensate him for all hours worked in accordance with state and federal wage laws.

27. Plaintiff Serrano was never compensated with an overtime premium rate for working more than 40 hours per week, nor was there an explicit understanding that his weekly flat rate would include overtime pay.

28. Plaintiff Serrano was abruptly terminated when he complained to the Defendants about his wages.

29. Defendants retaliated against the Plaintiff Serrano for asserting his legal rights, which violated federal and State law.

30. Defendants failed to compensate the Plaintiff in accordance with state and federal law.

31. Defendants knowingly and willfully operate their business with a policy of not paying for every hour worked in an amount sufficient to compensate Plaintiffs for all amounts due under the federal or New York State minimum wage, the FLSA overtime laws (of time and one-half), the New York State overtime laws (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

32. Defendants knowingly and willfully operate their business with a policy of not paying the Plaintiff's "spread of hours" premium for each day that they work a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

33. Defendants did not furnish the Plaintiff with an accurate statement with every payment of wages, listing gross wages, deductions and net wages as required by New York Labor

Law § 195.

34. Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner, the notices of employee rights to receive the minimum wage and overtime pay at a rate of one and one-half times their regular rate as required under the New York Labor Law.

35. There is no written contract or other written document, signed or otherwise, reflecting the terms of the commissions program offered and administered by Defendants.

## COLECTIVE ACTION ALLEGATIONS

36. Plaintiffs bring this action individually and as class representative on behalf of the "Proposed FLSA Collective" defined as:

> all current and former non-exempt employees at C.R. LANDSCAPING AND TREE SERVICE CORP. for the three-year period prior to the filing of the complaint.

37. Upon information and belief, the total number of members of the proposed collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than fifty (50) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

38. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in

conflict with those members of this collective action.

39. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

40. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

41. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

   a. Whether the Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

   b. Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Collective Action Members;

   c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

   d. Whether the Defendants' violations of the FLSA are willful as that term is used

within the context of the FLSA; and,

e. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements;

f. Whether the Defendants failed to pay Plaintiffs and the Collective Action Members minimum wages for all hours worked; and

g. Whether the Defendants failed to pay Plaintiffs and the Collective Action Members for hours worked in excess of 40 hours per workweek.

42. Plaintiff know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

43. Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

44. Plaintiff sue on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

45. In addition to bringing this action as a proposed collective action to remedy violations of the FLSA, Plaintiff also brings this action on behalf of a "Proposed Rule 23 Class", under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, and consisting of:

> all current and former non-exempt employees at C.R. LANDSCAPING AND TREE SERVICE CORP. for the six-year period prior to the filing of the complaint.

46. Upon information and belief, the persons in the Proposed Class are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Proposed Class consists of all

nonmanagerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

47. The claims of Plaintiffs are typical of the claims of the Proposed Class, and a Rule 23 class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

48. The Defendants have acted on grounds generally applicable to the Proposed Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Proposed Class as a whole.

49. Plaintiff has committed themselves to pursuing this action and has retained counsel experienced in employment law and class action litigation.

50. Plaintiff will fairly and adequately protect the interests of the Proposed Class.

51. Plaintiff understands that, as a class representative, he assumes a fiduciary responsibility to the Class Members to represent their interests fairly and adequately, and that he must consider their interests just as he would represent and consider their own interests, and that they may not favor their own interests over those of the Class Members.

52. Plaintiff recognizes that any resolution of a Rule 23 class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class. Plaintiff understands that in order to provide adequate representation, he must remain informed of litigation developments and that he may be called upon to testify in depositions and at trial.

53. Plaintiff has the same interests in this matter as all other members of the Proposed Class, and Plaintiffs' claims are typical of the Proposed Class.

54. There are questions of law and fact common to the Proposed Class which predominate over any questions solely affecting the individual members of the Proposed Class, including but not limited to:

   a. Whether the Defendants employed Plaintiff and the Class members within the meaning of the New York Labor Law;

   b. Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Class members;

   c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

   d. Whether the Defendants failed to pay Plaintiff and the Class members the applicable minimum wage for all straight time hours worked and the required overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

   e. Whether the Defendants failed to pay Plaintiff and the Class members "spread of hours" premium for each day they worked a shift in excess of ten (10) hours, in violation of the New York Labor Law and the regulations promulgated thereunder;

   f. Whether Defendants' violations of the New York Labor Law are willful as that term is used within the context of the New York Labor Law; and,

   g. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

**COUNT I: FLSA – Minimum Wage, and Overtime**
*Brought on behalf of Plaintiff and the Proposed FLSA Collective*

55. Plaintiffs re-alleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

56. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

57. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, the Plaintiff and the Proposed FLSA Collective members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

58. At all relevant times, Defendants employed the Plaintiff and the Proposed FLSA Collective members within the meaning of the FLSA.

59. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

60. Plaintiff and the Proposed FLSA Collective members were entitled to be paid at the applicable federal minimum wage for all straight time hours worked.

61. Plaintiff and the Proposed FLSA Collective members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

62. Defendants failed to pay the Plaintiff and the Proposed FLSA Collective members minimum wage or overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

63. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay minimum wage.

64. At all relevant times, Defendants had, and continue to have a policy and practice of

- 20 -

refusing to pay overtime compensation at the statutory rate of time and one-half to the Plaintiff and the Proposed FLSA Collective members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

65. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate the Plaintiff and the Proposed FLSA Collective members at the minimum wage and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wage and overtime compensation would financially injure the Plaintiffs.

66. Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

67. Defendants failed to properly disclose or apprise the Plaintiff and the Proposed FLSA Collective members of their rights under the FLSA.

68. As a direct and proximate result of Defendants' violation of the FLSA, the Plaintiff and the Proposed FLSA Collective members are entitled to liquidated damages pursuant to the FLSA.

69. Due to the reckless, willful and unlawful acts of Defendants, the Plaintiff and the Proposed FLSA Collective members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

70. The Plaintiff and the Proposed FLSA Collective members are entitled to an award

of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

### COUNT II: NYLL – Minimum Wage, Overtime, Spread-of-Hours Pay
*Brought on behalf of Plaintiff and the Proposed Rule 23 Class*

71. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

72. Defendants employed the Plaintiff and the Proposed Rule 23 Class members within the meaning of New York Labor Law §§ 2 and 651.

73. Defendants knowingly and willfully violated the rights of the Plaintiff and the Proposed Rule 23 Class members by failing to pay them the applicable minimum wage for all straight time hours worked and required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

74. Employers are required to pay a "spread of hours" premium of one (1) additional hour pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

75. Defendants knowingly and willfully violated the rights of the Plaintiff and the Proposed Rule 23 Class members by failing to pay "spread of hours" premium to the Plaintiff for each day they worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

76. Defendants failed to properly disclose or apprise the Plaintiff and the Proposed Rule 23 Class members of their rights under the New York Labor Law.

77. Defendants failed to furnish the Plaintiff and the Proposed Rule 23 Class members with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

78. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

79. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law§ 194(4), and New York State Department of Labor Regulations§ 146-2.1.

80. At the time of their hiring, Defendants failed to notify the Plaintiff and the Proposed Rule 23 Class members of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

81. Due to the Defendants' New York Labor Law violations, the Plaintiff and the Proposed Rule 23 Class members are entitled to recover from Defendants the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for minimum wage for all straight time hours, overtime compensation for all overtime hours, "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law§§ 663(1), 198.

82. Plaintiff and the Proposed Rule 23 Class members are also entitled to liquidated damages pursuant to New York Labor Law§ 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

**COUNT III: NYLL - Annual Wage Notice and Periodic Wage Statements**
*Brought on behalf of the Plaintiff and the Proposed Rule 23 Class*

83. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

84. Defendants have willfully failed to supply the Plaintiff and the Proposed Rule 23 Class members with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the

language identified by the Plaintiff and the Proposed Rule 23 Class members as their primary language, containing their rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

85. Through their knowing or intentional failure to provide the Plaintiff and the Proposed Rule 23 Class members with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

86. Defendants have willfully failed to supply the Plaintiff and the Proposed Rule 23 Class members with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

87. Through their knowing or intentional failure to provide the Plaintiff and the Proposed Rule 23 Class members with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

88. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), the Plaintiff and

the Proposed Rule 23 Class members are entitled to statutory penalties of fifty dollars each day that Defendants failed to provide them with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b ).

89. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), the Plaintiff and the Proposed Rule 23 Class members are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide them with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

### COUNT IV: FLSA – Retaliation
*Brought on behalf of Plaintiff Jimmy Serrano*

90. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

91. Defendants violated 29 U.S.C. § 215(a)(3) when they terminated Plaintiff Jimmy Serrano's employment in retaliation for inquiring about his wages to the Defendants.

92. Defendants are therefore liable to Plaintiff Jimmy Serrano for damages under 29 U.S.C. § 216(b).

93. Defendants are also liable for this conduct under New York State's retaliation law, specifically NYLL § 215 (1)(a) and NYLL § 215(2)(a).

### PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, Jimmy Serrano, on behalf of himself and all similarly situated Collective

Action Members and Class members, respectfully requests that this Court grant the following relief:

i. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as non-exempt employees at one of their locations, and of their right to join this lawsuit if they belief they were denied proper wages;

ii. An award for unpaid minimum wage and unpaid overtime compensation due under the FLSA and New York Labor Law;

iii. An award of unpaid "spread of hours" premium due under the New York Labor Law;

iv. An award of unpaid commissions due under the New York Labor Law;

v. An award of liquidated damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

vi. An award of liquidated damages as a result of Defendants' failure to pay minimum wage compensation, overtime compensation and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

vii. An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

viii. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

ix. An award of damages for unlawful retaliation committed by the Defendants under New York Labor Law and FLSA;

x. An injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

xi. An award of prejudgment and post-judgment interest;

xii. An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. 216(b) and the NYLL; and

xiii. Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to FRCP 38 the Plaintiffs demands trial by jury on all issues.

Dated: New York, New York
February 9, 2021

**LAW OFFICE OF MOHAMMED GANGAT**

By: _____

Mohammed Gangat, Esq.
675 3rd Avenue
Suite 1810
(718) 669-0714
mgangat@gangatllc.com

*Attorneys for the Plaintiff and the FLSA Proposed Collective and Rule 23 Proposed Class*