**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JIMMY SERRANO; JOSE ARNOLDO PAREDES MANCILLA; and JORGE DIAZ; on behalf of themselves and others similarly situated,<br><br>                              *Plaintiffs*,<br><br>    -against-<br><br>C.R. LANDSCAPING AND TREE SERVICE CORP.; C R TREE & LAWN SERVICE CORP. and CANDELARIO RIVERA,<br>                              *Defendants*. | No. 20-cv-04372-GRB-ST<br><br>**JOINT PRETRIAL ORDER** |

The parties having conferred among themselves and with the Court pursuant to Federal Rule of Civil Procedure 16 and District Judge Nina R. Morrison's Individual Rule No. 6.1, the following statements, directions, and agreements are adopted as the Pretrial Order herein.

**Parties and Counsel**

*Plaintiffs*: Jimmy Serrano, Jose Arnoldo Paredes Mancilla, and Jorge Diaz

>   *Counsel For Plaintiff*: Mohammed Gangat, Esq.
>   Eliseo Cabrera, Esq.
>   675 Third Avenue, Suite 1810,
>   New York, NY 10017
>   (718) 669-0714
>   mgangat@gangatpllc.com

*Defendants*: C.R. Landscaping and Tree Service Corp., C R Tree & Lawn Service Corp., and Candelario Rivera

>   *Counsel For Defendants*: Jason Mizrahi, Esq.
>   Levin-Epstein & Associates, P.C.
>   60 East 42nd Street, Suite 4700
>   New York, NY 10165
>   212-792-0046
>   joshua@levinepstein.com

**Jurisdiction**

    **Plaintiffs' Position:**

This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

    **Defendants' Position:**

This Court lacks subject matter jurisdiction over Plaintiffs' federal claims because they are not "covered" employees under the FLSA. This Court should also decline to exercise supplemental jurisdiction over Plaintiffs' NYLL claims, because the FLSA claims were the only basis for original jurisdiction. *See Ogleton v. City of New York,* 2023 WL 2731735, at *7 (S.D.N.Y. 2023) (discussing discretionary vs. non-discretionary exercise of supplemental jurisdiction, in dismissing FLSA and NYLL claims); *Lamont v. Frank Soup Bowl, Inc.*, 2001 WL 521815 (S.D.N.Y. 2001) ("[p]ut simply, this is not a case arising out of the FLSA or any other federal statute…[s]ince there is no federal jurisdiction...the complaint ***must*** be dismissed) (emphasis added).

**Claims and Defenses to be Tried**

    **Plaintiffs' Claims:**

Plaintiffs Jimmy Serrano, Jose Arnoldo Paredes Mancilla, and Jorge Diaz (collectively, "Plaintiffs"), claim Defendants failed to (1) pay minimum and overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(l) and 215(a); (2) pay minimum and overtime wages, and spread-of-hour pay under the New York Labor Law ("NYLL"), N.Y. Comp. Codes R. & Regs. Tit. 12 §§ 142-3.1; 142-3.2; and 142-2.18; (3) provide annual wage notice and periodic wage statements under NYLL §195. Plaintiff Jimmy Serrano further claims Defendants retaliated against him by terminating him under FLSA, 29 U.S.C. § 215(a)(3).

As to Defendants' jurisdictional argument, Plaintiffs respectfully submit that the evidence will show the business in question meet the $500,000 threshold for enterprise coverage under the FLSA. See 29 U.S.C. § 203(s)(1)(A). Based on Plaintiffs' firsthand observations, review of corporate records, and conversations in the workplace, Defendants' annual gross income met or exceeded the $500,000 threshold. For example, Plaintiff Diaz observed funds being collected, learned from a manager how much customers were charged, and reviewed invoices.

As for supplemental jurisdiction where the parties and the court have expended substantial resources in preparation for trial, and particularly where a case has actually been tried, it is appropriate to retain jurisdiction over state claims even when the federal claims are dismissed. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1181,

1191-92 (2d Cir. 1996) (allowing supplemental jurisdiction where case had proceeded for more than a year and federal claims were dismissed only nine days before scheduled trial); *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994) (where dismissal of federal claim occurs "late in the action, after there has been substantial expenditure in time, effort, and money in preparing the dependent claims, knocking them down with a belated rejection of supplemental jurisdiction may not be fair. Nor is it by any means necessary."); *Yong Kui Chen v. Wai? Cafe Inc.*, 10 Civ. 7254 (JCF), at *3-4 (S.D.N.Y. Mar. 26, 2012) (warranting the exercise of supplemental jurisdiction over the remaining state claims when the parties completed discovery, submitted the pretrial order, and tried a case in which the federal and state claims were based on the same constellation of facts).

**Defendants' Defenses:**

**A.  This Court Lacks Subject Matter Jurisdiction**

Defendants have a meritorious defense to the Complaint because Plaintiffs cannot qualify as a covered employees under the FLSA. *See Jacobs v. New York Foundling Hosp.,* 483 F. Supp. 2d 251, 257 (E.D.N.Y. 2007), aff'd, 577 F.3d 93 (2d Cir. 2009).

Plaintiffs are not covered under the "enterprise theory" of the FLSA. 29 U.S.C. §§ 203 (s)(1)(A)(i),(ii). Companies that have less than the specified dollar amount of gross sales or business are not considered "an enterprise" within the meaning of the FLSA. *Seeman v. Gracie Gardens Owners Corp.,* 794 F. Supp. 2d 476, 484 (S.D.N.Y. 2011). In the case at bar, the Defendants' gross revenues for the relevant years falls below the requisite $500,000 threshold. Thus, as a matter of law, Defendants falls outside the ambit of "enterprise coverage."

Plaintiffs are not covered under the "individual theory" of the FLSA. 29 U.S.C. § 203(r)(1). An employee is engaged in commerce when his or her work was "actually in or so closely related to the movement of the commerce as to be a part of it." *Mitchell*, 358 U.S. at 264. "It is not important whether the employer…is engaged in interstate commerce. It is the work of the employee which is decisive." *Id.* "The test is whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated, local activity." *Id*. at 429. This is not the case here.

**B.  Defendants Have Satisfied Their Evidentiary Burden Under *Anderson***

Plaintiffs cannot satisfy their initial burden under the FLSA, of proving the material allegation of their complaint by a preponderance of the evidence. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946).

Assuming *arguendo*, that Plaintiffs meet their threshold burden under the FLSA (which he cannot), Defendants have successfully come forward with "evidence to negat[e] the

reasonableness of the inference to be drawn from the employee's evidence." *Anderson*, 328 U.S. at 687-88.

**Jury/Non-Jury**

The case is to be tried before a jury and is estimated to take 3-5 days.

**Trial Before Magistrate Judge**

The parties do not consent to trial before a Magistrate Judge.

**Statement of Relief Sought**

Plaintiffs seek monetary relief as follows: unpaid wages pursuant to the FLSA and NYLL, plus an equivalent amount of liquidated damages pursuant to the FLSA and NYLL, pre-judgment interest at the statutory rate of 9% per annum from the midpoint of the employment period, and statutory damages under the NYLL for wage notice violations, and wage statement violations in the amount of $10,000.00, together with prevailing party attorneys' fees and expenses.

Defendants seek a declaratory judgment that Plaintiffs' claims lack subject matter jurisdiction under the FLSA.

**Witnesses**

A list of witnesses intended to be called, with a brief summary of each witness' relation to the case and intended testimony. In addition, a table listing the basis for any objection to a witness' testimony. The table shall look like this:

| Witness Name | Relation | Address |
|---|---|---|
| Jimmy Serrano | Plaintiff - Will testify to all fact issues | 16 Byrd St, Hempstead, NY 11550 |
| Jose Arnoldo Paredes Mancilla | Plaintiff - Will testify to all fact issues | 162 north Main street, Apt 2, Freeport, NY 11520 |
| Jorge Diaz | Plaintiff - Will testify to all fact issues | 69 Allen St, Hempstead, NY 11550 |
| Candelario Rivera | Defendant - Will testify to all fact issues | |
| | | |

|  |  |  |
|--|--|--|
|  |  |  |

**Deposition Testimony**

Deposition transcripts of the parties will be submitted to the court in the event it is needed for impeachment purposes. Neither party has designated any deposition testimony for presentation in its case in chief.

**Stipulations**

**Exhibits**

*Plaintiffs' exhibits*

| P's Exs. | Description | D's objections/bases | P's response/ bases |
|---|---|---|---|
| Ex. 1 | Defendants' response to interrogatories, dated December 29, 2022 |  |  |
| Ex. 2 | Defendants' written responses to requests for production, dated January 23, 2023 |  |  |
| Ex. 3 | **Exhibit A from Defendants' Deposition**: A screen grab of the C.R. Tree Service website, marked for identification |  |  |
| Ex. 4 | **Exhibit C and D from Defendants' Deposition**: photographs from the company's website |  |  |
| Ex. 5 | **Exhibit E from Defendants' Deposition**: 55-second video of work being performed |  |  |
| Ex. 6 | **Exhibit F from Defendants' Deposition**: A photograph of three |  |  |

|  |  |  |  |
|---|---|---|---|
|  | individuals, one holding a chainsaw |  |  |
| Ex. 7 | **Exhibit G from Defendants' Deposition**: A 52-second video showing equipment |  |  |
| Ex. 8 | **Exhibit H from Defendants' Deposition**: Photographs showing individuals performing work |  |  |
| Ex. 9 | **Exhibit L from from Defendants' Deposition**: photographs related to the work |  |  |

*Defendants' exhibits*

| D's Exs. | Description | P's objections/bases | D's response/ bases |
|---|---|---|---|
| Ex. A | C R Tree & Lawn Service Corp. Tax Filings for 2018 |  |  |
| Ex. B | C R Tree & Lawn Service Corp. Tax Filings for 2019 |  |  |
| Ex. C | C R Tree & Lawn Service Corp. Tax Filings for 2020 |  |  |
| Ex. D | C R Tree & Lawn Service Corp. Tax Filings for 2021 |  |  |
| Ex. E | Parties' Whats App Message Exchanges | Unclear what messages are being referred to |  |

**Motions in Limine:**

      Plaintiffs do not intend to file motions in limine.

**SO ORDERED.**

                                                                                                              Nina R. Morrison, U.S.D.J.

Dated: Brooklyn, New York
          _____, **20**___